# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-557 TCM |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Robert Lomack (registration no. 33372), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.32. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of

20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $26.58, and an average monthly balance of $22.26. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.32, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Correctional Medical Services ("CMS"); Mike Kemna (Superintendent, Crossroads Correctional Center ("CCC")); Unknown Superintendent of Licking Correctional Center ("LCC"); Donald Roper (Superintendent, Potosi Correctional Center ("PCC")); Unknown Spears (Physician, Correctional Medical Services ("CMS")); Unknown CMS Medical Officer; Unknown Crawford (Physician, CMS); Unknown Female Doctor (CMS staff, LCC); Unknown Matthews (Physician, CMS); William McKinney (same); Sharon Gifford (FUM, PCC); Brian Allen (CCW, PCC); Unknown Martin (Correctional Officer, PCC); Unknown Coffman (same); Medical Director of CMS; John Does I-III, and Jane Doe. The complaint seeks monetary and injunctive relief.

Plaintiff alleges that in August 2001, while he was incarcerated at CCC, he was injured when a food cart fell on his leg. Plaintiff says that after he was injured he had chronic numbness in his back, along his left side, and in his left leg. Plaintiff claims that he saw defendant Matthews sometime later. Plaintiff states that Matthews examined his leg and gave him Tylenol. Plaintiff says that he was given only Tylenol for the next two years, despite the fact that he was not getting better. Plaintiff states that Matthews x-rayed his back at one point.

Plaintiff claims that in September 2003 he was transferred from CCC to LCC. Plaintiff says that when he arrived at LCC he told defendant Unknown Female Doctor about his numbness, which at this point extended from his left foot, through his left torso, to his left arm and hand. Plaintiff states that Unknown Female Doctor gave him a brace and a medical lay-in.

Plaintiff alleges that in June 2004 he saw a nurse at LCC because he had a fever. Plaintiff claims that he saw another doctor and told the doctor about the food cart incident. Plaintiff maintains that the doctor ran some blood tests but that they were negative.

Plaintiff says that in July 2004 he was transferred to PCC. Plaintiff claims that at this time he was experiencing numbness in both arms, legs, and feet. Plaintiff avers that he told defendant Unknown Crawford about the numbness; plaintiff claims that Crawford thought he was a malingering drug-seeker. Plaintiff alleges that he left without receiving any medicine for his discomfort. Plaintiff states that Crawford later performed x-ray tests. Plaintiff says that Crawford later refused to see him and that he continued to refuse to medicate plaintiff.

Plaintiff alleges that after Crawford left PCC he saw defendant Unknown McKinney. Plaintiff claims that McKinney also believed plaintiff to be a malingering drug-seeker and refused to treat plaintiff's discomfort. Plaintiff says that he continued to seek treatment from McKinney; plaintiff claims that after about a year McKinney agreed to perform an x-ray examination. Plaintiff states that McKinney then prescribed physical therapy. Plaintiff alleges that he saw the physical therapist one time; plaintiff maintains that he did the exercises he was taught but that they provided no relief.

Plaintiff claims that he subsequently saw another doctor, who diagnosed him with nerve damage. Plaintiff says that the doctor gave him a medication for the nerve damage and that McKinney continued the prescription. Plaintiff maintains that McKinney eventually ordered an MRI test.

Plaintiff alleges that in June 2007 he saw defendant Unknown Spears. Plaintiff claims that Spears had read plaintiff's MRIs and told plaintiff that he required surgery. Plaintiff avers that Spears told him that he had irreversible nerve damage; Spears told plaintiff that the damage was irreversible

because it had been untreated for such a long time. Plaintiff claims that Spears performed the surgery but that the surgery left him more damaged than he was previously.

Plaintiff claims that from January 2006 to March 2006 he was abused by unknown CMS employees.

Plaintiff says that he requested grievance forms from defendants Allen and Gifford but that they refused to give him any.

Plaintiff avers that defendants Martin and Coffman deliberately twisted his arms and neck to cause him pain, despite the fact that they knew of plaintiff's medical problems.

Plaintiff alleges that he is supposed to have a special chair in his cell to help relieve his pain. Plaintiff seems to allege that Gifford took his chair away in order to show him who is in charge of the institution.

### Discussion

The complaint survives initial review as to defendants Unknown Crawford, Unknown McKinney, Sharon Gifford, Brian Allen, Unknown Martin, and Unknown Coffman. As a result, the Court will order these defendants to respond to the complaint.

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). As a result, plaintiff's claims against Unknown Matthews and Unknown Female Doctor are time-barred.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in

giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim against defendant CMS, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff's claims against Unknown Spears fail to state a constitutional claim for medical mistreatment because plaintiff does not allege that Spears disregarded his needs; plaintiff alleges that Spears diagnosed him with nerve damage and performed surgery to alleviate the damage. Plaintiff's allegations against CMS fail to state a claim because there are no allegations that a policy of CMS caused his alleged injuries.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Mike Kemna, Unknown Superintendent of LCC, Donald Roper, Medical Directors of CMS, or the John and Jane Doe defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is

unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has not made sufficiently specific allegations to determine the identity of Unknown CMS Medical Officer. As a result, this defendant shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.32 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Crawford, Unknown McKinney, Sharon Gifford, Brian Allen, Unknown Martin, and Unknown Coffman.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Crawford, Unknown McKinney, Sharon Gifford, Brian Allen, Unknown Martin, and Unknown Coffman shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Correctional Medical Services, Mike Kemna, Unknown

Superintendent of Licking Correctional Center, Donald Roper, Unknown Spears, Unknown CMS Medical Officer, Unknown Female Doctor, Unknown Matthews, Medical Directors of CMS, John Does I-III, or Jane Doe because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of April, 2009.