UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT LOMACK, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:09cv0557 TCM |
| WILLIAM McKINNEY, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court on the second motion of Robert Lomack ("Plaintiff"), an inmate at Potosi Correctional Center ("PCC"), for leave to file an amended complaint.

Plaintiff filed this action on April 9, 2009, against nineteen defendants: Unknown Matthews; William McKinney; Sharon Gifford; Brian Allen; Unknown Martin; Unknown Coffman; Correctional Medical Services (CMS); the Medical Director of CMS; John Does I, II, and III; Jane Doe; Mike Kemna, superintendent at Crossroads Correctional Center (CCC); Unknown Superintendent, Licking Correctional Center (LCC); Donald Roper; Unknown Speers; Unknown CMS Medical Officer; Unknown Crawford; and Unknown Female Doctor. Two weeks later, the Honorable Charles A. Shaw, now Senior United States District Court Judge, dismissed Plaintiff's claims against Unknown Matthews, a doctor at CCC, and Unknown Female Doctor at LCC, as time-barred by Missouri's five-year statute of limitations. CMS was dismissed on the grounds that Plaintiff had failed to allege that any policy of CMS caused his injuries. His claims against Unknown Speers were dismissed on

the grounds he had failed to allege that she had disregarded his needs. Kemna, Unknown LCC Superintendent, Roper, CMS Medical Directors, and the Doe defendants were all dismissed on the grounds that Plaintiff had failed to allege that they were directly involved in or personally responsible for any violation of his constitutional rights. Unknown CMS Medical Director was also dismissed because Plaintiff had failed to include any allegations that would lead to his or her identification. Plaintiff was granted leave to proceed in forma pauperis on his claims against Unknown Crawford, Unknown McKinney, Unknown Martin, Unknown Coffman, Sharon Gifford, and Brian Allen.

Plaintiff moved for reconsideration of the dismissal of the various defendants, arguing, inter alia, that CMS had a contract with the State to provide prisoners medical care and a contract with its employees that awarded bonuses to doctors for keeping costs down; that a CMS medical director required that he pay for an allegedly lost hearing aid before he be given a replacement; and that Jane Doe wrote Plaintiff up for not hearing a count bell when she knew he could hear it. The district court denied this motion.

Defendants David Martin, Brian Allen, and James Coffman responded to the complaint and moved to dismiss for failure to exhaust administrative remedies. Their motion has been granted. William McKinney also moved to dismiss. His motion was denied. His motion for summary judgment is pending.

Defendants Gifford and Crawford were dismissed without prejudice for failure to prosecute after Plaintiff failed to serve them or to provide the court an address for service.

Plaintiff now moves to amend his complaint[1] to again include Gifford and Crawford; Allen and Coffman; and Dr. Matthews.[2] He also wants to add the State of Missouri; the Missouri Department of Corrections (DOC); Don Roper, PCC Warden; Ian Wallace, PCC Assistant Warden; Fred Johnson, PCC Deputy Warden; R. Nixon, Mr. Lundy; Mrs. Haney; Dwayne Kempker; Patricia Cornell; Cindy Griffith; Michael Miller; CMS; Lisa Spain; Drs. Ibrahim and Hauenstein; Correctional Officers Clubbs, Weber, Parsons, Conrad, Forbes, Young, and Comer; William Milan; Mr. Cortrette; George Lombardi; and Drs. Spears and Conley. His allegations against these various defendants revolve around four issues: (1) the denial of a hearing aid; (2) the use of his wheelchair to transport another inmate; (3) the denial of a chair with a back for his use in his cell; and (4) the treatment, or lack or inadequacy thereof, for his injured leg.[3]

"A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 15(a); however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." **Popoalii v. Correctional Medical Services**, 512 F.3d 488, 497 (8th Cir.

---

[1] An earlier motion for leave to file an amended complaint was denied when Plaintiff failed to attach the proposed pleading.

[2] The Court notes that Plaintiff was granted leave to refile his motion for leave to file an amended complaint within twenty days of the order denying his first motion and was to add only those defendants and allegations cited in that motion. Plaintiff failed to comply with either direction. Moreover, Plaintiff seeks to add defendants and allegations in his proposed amended complaint that he was directed to exclude.

[3] These allegations are not made in short paragraphs identified by number, see Fed.R.Civ.P. 8(a), but are set forth in a narrative, prose style more appropriate to a response to a dispositive motion.

2008) (citing <u>Kozohorsky v. Harmon</u>, 332 F.3d 1141, 1144 (8th Cir. 2003)). "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." **Id.** (citing <u>Bell v. Allstate Life Ins. Co.</u>, 160 F.3d 452, 454 (8th Cir. 1998)).

There is but one remaining party in this action – William McKinney. The amended complaint does not add, or subtract, any claim against him. Moreover, McKinney has filed a motion for summary judgment and would be unduly prejudiced by any new claims against him.

The amended complaint also does not caste into doubt the Court's earlier holding on the exhaustion of administrative remedies and its resulting dismissal of Allen, Coffman, and Martin. Nor does Plaintiff's argument that the State should provide him with former defendants Gifford's and Crawford's current addresses prevail absent any allegation that he sought such during the previous twelve months and given that Plaintiff was directed not to add these two defendants. Insofar as Plaintiff wishes to add new allegations about being temporarily denied his wheelchair or a chair with a back, Plaintiff may seek to proceed on those claims against the appropriate defendants in a separate action.[4]

In its earlier order, the Court found that Plaintiff's claims that Lisa Sprain refused to provide him with a hearing aid until he had paid for one that was lost when he was moved

---

[4]The Court notes that it earlier misinterpreted Plaintiff's claim about a chair in his cell to be a claim that he was denied his wheelchair. The Court appreciates Plaintiff's clarification.

to a different cell were not futile.  The Court further indicated that it would allow Plaintiff to amend his complaint to add those claims.  In the interim, however, the remaining defendant has moved for summary judgment.  Moreover, the amended complaint now submitted by Plaintiff adds defendants to this claim that appear to have no direct connection to the complained-of injury.  He also fails to include any allegation as to whether he has exhausted his administrative remedies as to the new defendants.  Although the addition of this claim at this stage of the proceeding would prejudice the remaining defendant, there appears to be no prejudice to Plaintiff if his motion is denied other than having to present this claim in a new action.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint is **DENIED**.[5]  [Doc. 51]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  23rd  day of June, 2010.

---

[5] Plaintiff did not serve copies of his motion and the attached 34-page proposed amended complaint on defendant McKinney. Instead, Plaintiff wrote a note on the last page of both asking that the court send the copies as he was without funds. Plaintiff is cautioned that he is not excused by his pro se status from complying with the Federal Rules of Civil Procedure, including Rule 5, and that any further omission will result in that pleading be returned to him.